UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO L. GREEN,

    Plaintiff,

v.                                                                        Case No. 5:23-cv-296-MCR-MJF

S. BAKER, et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Antonio L. Green (DC #981309) has filed a civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Green is a prisoner who has incurred three "strikes" and has not alleged that he is under imminent danger of serious physical injury, the District Court must dismiss this case pursuant to 28 U.S.C. § 1915(g).

## I. ALLEGATIONS OF GREEN'S COMPLAINT

Green is confined at the Blackwater River Correctional Facility in Milton, Florida. Doc. 1 at 2 in ECF. Green is suing five prison officials and two nurses at the Apalachee Correctional Institution in Sneads,

Florida. *Id.* at 2-4 in ECF. Green claims that: (1) the Defendants violated his Eighth-Amendment rights on March 15, 2023, when Baker used excessive force on Green and the remaining Defendants failed to protect Green (Count I); (2) various Defendants violated Green's right to due process by filing a false disciplinary report, by depriving Green of property, by failing to preserve electronically-stored evidence relevant to Green's claims, and by "failing to act" (Count II); (3) Baker violated Green's First-Amendment rights by using excessive force on Green on March 15, 2023, in retaliation for Green filing grievances (Count III). Doc. 1 at 18-23 in ECF. Green seeks a declaratory judgment, compensatory damages, and punitive damages. *Id.* at 18, 25-26 in ECF.

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.   **Green Has Incurred Three "Strikes" under § 1915(g)**

The undersigned takes judicial notice that at the time Green filed his complaint in this case on November 7, 2023, a federal district court had dismissed two prior actions due to maliciousness, and the same district court had dismissed one of Green's actions for failure to state a claim. *See Green v. Baker*, No. 5:22-cv-302-TKW/MJF, 2023 WL 4317647

(N.D. Fla. July 3, 2023) (dismissing action as malicious); *Green v. Sheffield*, No. 5:22-cv-304-TKW/MJF, 2023 WL 4317648 (N.D. Fla. July 3, 2023) (dismissing action as malicious); *Green v. Baker*, No. 5:23-cv-237-TKW-MJF, 2023 WL 7283922 (N.D. Fla. Nov. 3, 2023) (dismissing action for failure to state a claim upon which relief can be granted). These three dismissals count as "strikes" under § 1915(g).

Because Green has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.   **Green Fails to Satisfy the Imminent-Danger Exception**

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger is insufficient to invoke this exception. *Medberry*, 185 F.3d at 1193.

Green's allegations—that the Defendants violated his constitutional rights months ago at a prison where he no longer is confined—do not establish that Green is under imminent danger of

serious physical injury. Because Green is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, be **DENIED**.

2. This action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The clerk of the court close this case file.

At Pensacola, Florida, this 15th day of November, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**